IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. ROCHESTER,<br><br>   Plaintiff,<br><br> vs.<br><br>LINDA ROWE, et al.,<br><br>   Defendants. | No. C 08-04747 JW (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

  Plaintiff, a California inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, has filed a pro se civil rights action under 42 U.S.C. § 1983 against PBSP officials. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

A. Standard of Review

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Rochester04747_svc.wpd

"seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff claims the following grounds for relief: 1) defendants acted with deliberate indifferent to plaintiff's serious medical needs for his hypoglycemia and chronic back pains during August and September 2007; 2) defendant Dr. Claire Williams used excessive force during a physical examination of plaintiff on September 18, 2007; and 3) related state law claims. Liberally construed, plaintiff's claims are cognizable under § 1983 as violations of the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); Farmer v. Brennan, 511 U.S. 824, 834 (1994). Furthermore, the federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Liberally construed, plaintiff's allegations satisfy the statutory requirement. Accordingly, the court will exercise supplemental jurisdiction over plaintiff's state law claims.

Plaintiff has made no allegations against defendants Sue Risenhoover, Mark Storrs, David Timme, J. Carson, Castellew and C. Maple in the instant complaint. Plaintiff must set forth specific facts as to each defendant's conduct that proximately caused a violation of his federally protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Accordingly, claims against these defendants are

DISMISSED with leave to amend to attempt to allege cognizable claims pursuant to § 1983.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Claims against defendants Sue Risenhoover, Mark Storrs, David Timme, J. Carson, Castellew and C. Maple are DISMISSED with leave to amend in accordance with the above. Within **thirty (30) days** of the date of this order, plaintiff may file an SUPPLEMENTAL COMPLAINT using the court's form civil rights complaint. Plaintiff shall complete the form, and include in the caption both the case number of this action (No. C 08-04747 JW (PR)), and the phrase "**SUPPLEMENTAL COMPLAINT**." Failure to do so in the time provided will result in the dismissal of these defendants from this action without prejudice.

2. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon the following defendant at **Pelican Bay State Prison** (P.O. Box 7500, Crescent City, CA 95532): **Doctors Linda Rowe, Claire Williams, and Michael C. Sayre; Nurses Cheryl Malo-Clines, J. Phillips, Lori Bree, Cross, Catherine Timoshenko, Diane Laputz, N. Tran, Joe Carr, R. Tran, Scott, Will Fair, V. Mitchell, Cecilia Meier, Tonya S. Escobar, Rebecca Stone, and Cynthia A. Howell; and Correctional Officers Benson, R. McNamara, T. Travis, and Sergeant D. Brock.** The clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

　　　　a. If defendants elect to file a motion to dismiss on the grounds

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Rochester04747_svc.wpd      3

plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

        b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **forty-five (45) days** from the date defendants' motion is filed.

        a.      In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.      In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Rochester04747_svc.wpd     4

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

  5.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

  6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7.    All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Rochester04747_svc.wpd            5

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED:  February 25, 2009

JAMES WARE
United States District Judge

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Rochester04747_svc.wpd           6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. ROCHESTER,

    Plaintiff,

  v.

M.D. LINDA ROWE, et al.,

    Defendants.

Case Number: CV08-04747 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/13/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Shawn Rochester T-23492
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95532

Dated: 3/13/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk